### COMMONWEALTH vs. SIMON FISCHBLATT.

On the trial of an indictment for an assault on M., with an intent to ravish and carnally know her, by force and against her will, the jury returned a verdict that the defendant was " not guilty of an assault with an attempt to commit a rape, in manner and form," &c. but that he was " guilty of an assault upon and improper and unlawful intercourse with the said M.," at the time and place in the indictment mentioned. *Held,* that this was not a special verdict, and that it warranted a judgment against the defendant for a simple assault.

THE defendant was indicted and tried in the municipal court, for an assault upon Delight S. Manning, on the 30th of September 1841, at Boston, with intent to ravish and carnally know her, by force and against her will. The following verdict was returned : " The jury find that the defendant is not guilty of an assault with an attempt to commit a rape, in manner and form as set forth in the indictment. But the jury do find the defendant, at said Boston, in the county of Suffolk, on the night of the thirtieth of September eighteen hundred and forty-one, guilty of an assault upon and improper and unlawful intercourse with said Delight S. Manning." The defendant thereupon moved, " that judgment of guilty be arrested, and that the clerk be directed to enter upon the records of the court the special verdict aforesaid, as a verdict of not guilty, and that judgment be entered accordingly, and that the defendant be discharged and go without day ; for the following reasons : 1. The verdict finds the defendant not guilty of every charge and allegation set forth in the indictment. 2. The verdict is bad for duplicity and uncertainty, and therefore ought to be received and recorded as a verdict of not guilty. 3. The verdict does not find the defendant guilty of any offence alleged and described in the indictment." These exceptions were allowed and signed by the presiding judge. But as he deemed them frivolous, immaterial, and intended for delay, he caused judgment to be entered on the verdict, and sentence awarded against the defendant. (Rev. Sts. c. 138, § 11.)

*Wheelock,* for the defendant.

*Austin,* (Attorney General,) for the Commonwealth.

SHAW, C. J. Upon exceptions to the decision of the muni-

Commonwealth *v.* Fischblatt.

cipal court, in the nature of a motion in arrest of judgment, it has been argued for the defendant, that no valid judgment could be rendered on the verdict of the jury, set forth in the exceptions, because it is a special verdict and does not find the offence charged in the indictment, nor such part of the offence charged, as to warrant a judgment.

We think the defect of this argument rests in considering the verdict in question, as a special verdict. It is very true, that upon a special verdict, the facts set forth in it, as found by the jury, must be such, as by law to constitute the offence charged, or some substantive part of it, which does constitute an offence ; and that nothing can be taken by the court by implication or intendment. Such were the cases cited of *Commonwealth* v. *Call,* 21 Pick. 509, and *Dyer* v. *Commonwealth,* 23 Pick. 402. In the former of these, there was no such reference to the indictment, as to show that the jury intended to find the defendant guilty of the offence stated in the indictment, with some exception or limitation ; but it found certain facts, and omitted the material one, that the acts were done within the county. In the other case, that of *Dyer* v. *Commonwealth,* the jury did not find the defendant guilty of any of the acts charged in the indictment. They simply found him guilty of receiving stolen goods, but without finding that they were the goods mentioned in the indictment. But in the same case, it was stated, that if the jury find matter that is immaterial, it will not vitiate the verdict, if the issue is found ; but the material facts must be found, to warrant a judgment. So it was held, that a verdict may be good, as a general verdict, though some fact is specially found by way of exception or qualification. So we think that a verdict finding part of the indictment true, if such part is properly charged and constitutes a substantive offence, or finding a defendant guilty in general terms, excepting or negativing a part, is a general and not a special verdict. See *The King* v. *Hunt,* and *The King* v. *Williams,* 2 Campb. 583, 646. 1 Chit. Crim. Law, (4th Amer. ed.) 250, 638. Such is the ordinary course, when murder is charged, and the jury find manslaughter. They first find the defendant not guilty of murder, and add, but guilty of manslaughter

Let us examine the verdict in question, as affected by these rules. The defendant was indicted for an assault, with an intent to ravish. Under this indictment, it was quite competent for the jury to find the defendant guilty of the assault, without the intent thus charged. So it has been held, under the Rev. Sts. *c.* 137, § 11, that upon an indictment for a rape, the party may be found guilty of the assault charged, with an intent to commit a rape, inasmuch as a charge of the intent is included in a charge of the act; or he may be convicted of the assault only. *Commonwealth* v. *Drum*, 19 Pick. 479. And in finding such part of the offence charged, the verdict may be returned in any intelligible form. No technical words are necessary. All that is required is, that it be clear and explicit, free from uncertainty and duplicity.

In these cases, it is to be understood that when an act is charged with a particular intent, the act is the substance of the offence charged, and the intent is matter of aggravation. Here the jury first negative that the assault was made with an attempt to commit a rape, in manner and form &c.; but the jury do find, that the defendant was guilty of an assault, at the time and place mentioned in the indictment, upon the female therein named, with another improper and unlawful act. The latter act, not being charged, is immaterial, but does not vitiate the verdict; and we are of opinion that the verdict thus referring to the indictment and declaring the defendant guilty, with a special exception, does find the assault charged in the indictment, negativing the intent to ravish. Considering it in this point of view, we think it consistent with the authorities cited, and with the rules of criminal law, to decide that this is a general verdict as to part of the indictment; that it finds matter within the issue, which constitutes a substantive offence; and that the judgment upon it was right.

<div align="right">

*Exceptions overruled.*